IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEHARRY MEDICAL COLLEGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL LABOR RELATIONS ) <br> BOARD, a federal administrative agency, ) <br> JENNIFER ABRUZZO, in her official ) <br> capacity as the General Counsel of the ) <br> National Labor Relations Board, ) <br> LAUREN MCFERRAN, MARVIN E. ) <br> KAPLAN, GWYNNE A. WILCOX, and ) <br> DAVID M. PROUTY, in their official ) <br> capacities as Board Members of the ) <br> National Labor Relations Board, and ) <br> JOHN DOE in their official capacity as an ) <br> Administrative Law Judge of the National ) <br> Labor Relations Board, ) <br> ) <br> Defendants. ) | Case No.: _____ <br> District Judge: _____ <br> Magistrate Judge: _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Meharry Medical College. ("Meharry"), by and through counsel, brings this action for declaratory and injunctive relief against Defendants. In support, Meharry Medical College respectfully states unto this Honorable Court as follows:

**INTRODUCTION**

1. This action arises from the National Labor Relations Board's ("NLRB") unlawful attempt to subject Meharry to administrative proceedings in NLRB case numbers 10-CA-323732 and 10-CA-299029 which violate Meharry's right under the United States Constitution.

2. First, Meharry is likely to succeed on the merits of its constitutional claims that: (a) the Administrative Law Judge ("ALJ") overseeing the administrative proceeding is

unconstitutionally protected from removal in contravention of Article II of the Constitution; (b) the agency's Board Members are unconstitutionally protected from removal in contravention of Article II of the Constitution; and (c) Meharry is being deprived of its Seventh Amendment right to a jury trial regarding legal remedies sought by the NLRB.

3. Second, Meharry will suffer irreparable economic and constitutional harm absent declaratory and injunctive relief because it will be compelled to undergo an unconstitutional proceeding before an unconstitutionally structured agency. Having to be "subjected to unconstitutional agency authority … by an unaccountable ALJ … is a here and now injury" that is "impossible to remedy once the proceeding is over." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023).

4. Third, Meharry will demonstrate that the balance of equities and public interests tips in favor of Meharry because there is a strong public interest in protecting citizens from unlawful acts undertaken by unconstitutionally structured federal agencies such as the NLRB.

## JURISDICTION AND VENUE

5. This action arises under the Constitution and laws of the United States. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Meharry's claims that the NLRB's structure violates the United States Constitution.

6. This Court has authority to grant declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Court's inherent equitable powers.

7. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of an agency of the United States and a substantial part of the events giving rise to the claim occurred in Nashville, Tennessee.

## PARTIES

8. Plaintiff, Meharry Medical College (hereinafter "Meharry"), is a private historically black college and university ("HBCU") located in Nashville, Tennessee. Meharry proudly carries the distinction of being the first medical school for African Americans in the South. Meharry operates it campus at 1005 Drive, DB Todd Jr. Boulevard, Nashville, Tennessee, 37208.

9. Defendant NLRB is an administrative agency of the United States, headquartered in Washinton, District of Columbia. The National Labor Relations Act ("NLRA") is administered by the NLRB. The NLRB historically has, *inter alia*, initiated administrative proceedings to remedy alleged unfair labor practices ("ULP"). See 29 U.S.C. § 160.

10. Defendant Jennifer Abruzzo is General Counsel of the NLRB. She is sued in her official capacity.

11. Defendant Lauren McFerran is Chairman of the NLRB. She is sued in her official capacity.

12. Marvin Kaplan is a Member of the NLRB. He is sued in his official capacity.

13. Defendant David Prouty is a Member of the NLRB. He is sued in his official capacity.

14. Defendant Gwynne Wilcox is a Member of the NLRB. She is sued in her official capacity.

15. Defendant John Doe is an ALJ of the NLRB assigned to preside over the NLRB hearings against Meharry, whose identity has not yet been disclosed to Meharry. The assigned ALJ is sued in their official capacity.

## FACTUAL ALLEGATIONS

16. Dr. Joshua Anthony ("Anthony") is a former resident of Meharry's Psychiatry Residency Program ("Program").

17. Anthony is no longer in the Program due to his failure of exams the passage of which is a mandatory requirement for continuation in the Program.

18. On July 8, 2022, Anthony filed a ULP charge (Case Number 10-CA-299029) with the NLRB. Anthony filed his First Amended charge on July 19, 2022, and a Second Amended charge on September 28, 2023. In all, Anthony's charges allege that Meharry violated Sections 8(a)(1), (3), and (4) of the NLRA, 29 U.S.C. § 158(a).

19. On August 5, 2022, in response from a request for evidence letter from the NLRB in Case Number 10-CA-299029, Meharry timely submitted its position statement refuting the allegations in the charge.

20. On August 11, 2023, Anthony filed a ULP charge (Case Number 10-CA-323732) with the NLRB alleging that Meharry violated Sections 8(a)(1) and (4) of the NLRA, 29 U.S.C. § 158(a).

21. On November 17, 2023, in response to a request for evidence letter from the NLRB in Case Number 10-CA-323732, Meharry timely submitted its position statement in refuting the allegations in the charge.

22. On September 16, 2024, the Regional Director for Region 10 issued an order consolidating charges10-CA-323732 and 10-CA-299029, issued a consolidated complaint and noticed an administrative hearing be held before an ALJ on January 28, 2025.

23. The remedies sought in the consolidated complaint include requiring Meharry to reinstate Anthony's alumni email address and to "[m]ake [him] whole for any direct or foreseeable pecuniary harm he incurred as a result of [Meharry's] unlawful conduct."

24. On September 27, 2024, Meharry timely filed its answer to the consolidated complaint denying the allegations.

25. Charges in Case Numbers 10-CA-348275, 10-CA-343539, 10-CA-314858, and 10-CA-285432 are also pending before the NLRB's Regional office.

## COUNT ONE: THE NLRB'S BOARD ALJs ARE INSULATED FROM REMOVAL IN VIOLATION OF ARTICLE II TO THE U.S. CONSTITUTION

26. Meharry incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

27. NLRB ALJs are inferior officers of an executive agency. *See* U.S. Const. Art. II, § 2; *Lucia v. SEC*, 138 S. Ct. 2044, 2053-55 (2018); *Jarkesy v. SEC*, 34. F.4th 446, 464 (5th Cir. 2022), *aff'd* 144 S. Ct. 2117 (2024); *Westrock Servs.*, 366 NLRB No. 157, slip op. at 1 (2018) ("Board judges, like SEC judges, are inferior officers").

28. NLRB ALJs exercise considerable power over administrative case records when presiding over adversarial ULP hearings, including making credibility determinations, evidentiary rulings, and shaping the hearing record. NLRB ALJ's have considerable power over, for ruling on procedural requests and motions, NLRB Rules and Regulations § 102.35(a)(8); deciding issues regarding subpoenas, NLRB Rules and Regulations, § 102.35(a)(4); and issuing decisions, NLRB Rules and Regulations, § 102.35(a)(10).

29. The Constitution requires that the President be able to exercise authority over the functions of an executive agency's inferior officers. *Jarksey*, 34. F.4th at 446. Inferior officers

5

"are sufficiently important to executing the laws that the constitution requires that the President be able to exercise authority over their functions." *Id*.

30. The NLRB appoints the ALJs, but ALJs may only be removed for "good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the [Merit Systems Protection] Board." 5 U.S.C. § 7521(a).

31. Members of the Merit Systems Protection Board are removable only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). "If principal officers cannot intervene in their inferior officers' actions except in rare cases, the President lacks the control necessary to ensure that the laws are faithfully executed." *Jarkesy*, 34 F.4th at 464.

32. Because NLRB ALJs can only be removed "for good cause" and "after opportunity for hearing," and because the MSPB Members who may remove ALJs are themselves removable by the President only for "inefficiency, neglect of duty, or malfeasance in in office," ALJs are insulated from removal by the President by at least two layers of for-cause removal protections. 5 U.S.C. § 7521(a) and 5 U.S.C. § 1202(d).

33. The statue provides NLRB ALJs with at least two layers of for-cause removal protections, which prevents the President from exercising Presidential authority under Article II of the Constitution and therefore violates Article II of the Constitution. *See Free Enter. Fund v. PCAOB*, 561 U.S. 477, 492-508 (2010); *Jarkesy*, 34 F.4th at 463-65.

34. As a result of the restrictions on the President's exercise of his Article II powers (and that of prior Presidents, whose exercise of such powers has been neutered), the ALJ who will be assigned to handle Meharry's administrative hearing and the NLRB Members who supervise the ALJ are free to act however they deem fit without fear of repercussions from the

President. If the President were able to exercise his removal authority, the NLRB ALJs and Members could find no merit to the Charges filed against Meharry and therefore not issue the complaint at issue in the upcoming hearing.

35. Being subject to unconstitutional agency authority, including proceedings before unconstitutionally protected NLRB agency officials, qualifies as a "here-and-now injury." *See Axiom Enter.*, 143 S. Ct. at 903. *see also Cochran v. SEC,* 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (*en banc*), aff'd and remanded *sub nom*. *Axon Enter.*, 143 S. Ct. 890.

36. Meharry is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Meharry] is subject will be enforced only be a constitution agency that is accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

37. Meharry bears a strong likelihood of success on the merits for the reasons articulated above.

38. Absent declaratory and injunctive relief, Meharry will be subject to the whim of an unconstitutional protected ALJ in an unconstitutional proceeding due to the lack of Presidential oversight. This will undoubtedly cause Meharry irreparable harm.

39. Furthermore, if the NLRB Members issue a final order against Meharry by recommendation of the ALJ, the constitutional injury will likely be irreconcilable due to the unavailability of retrospective relief because as the Supreme Court has stated that "those subject to an unconstitutional proceeding by insulated administrative agency officials often have no retrospective relief after the fact." *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

40. In the event that declaratory and injunctive relief is not granted, the harm to Meharry would far outweigh any harm, or more inconvenience to the NLRB if such relief is granted.

41. The public interest is best served by prohibiting the NLRB from continuing to operate in an unconstitutional manner, therefore protecting the public's constitutional rights.

## COUNT TWO: THE NLRB'S BOARD MEMBERS ARE INSULATED FROM REMOVAL IN VIOLATION OF ARTICLE II OF THE CONSTITUTION

42. Meharry incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

43. The Constitution affords the NLRB's members substantial executive powers when administering and enforcing the NLRA, such the right to exercise prosecutorial power in the U.S. federal district courts. 29. U.S. C. § 160(j); *see e.g., Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 852 (5th Cir. 2020); the right to determine units appropriateness of units for the purpose of collective bargaining, oversee and direct representation elections, issue opinions in unfair labor practice charges, and resolve subpoena issues, 29 U.S.C. §§ 159, 160; and issue rulemaking on topics such as the standard for determining joint employer status, etc., *see NLRB v. Wyman-Gordon Co.*, 394 U.S. 759 (1969).

44. Under the NLRA, NLRB Members can only be removed "for neglect of duty or malfeasance in office" and not for any other cause. 29 U.S.C. § 153(a).

45. The fact that the NLRB Members are insulated from removal by the President and has unchecked exercise of executive powers violates Article II of the Constitution.

46. As a result of the restrictions on the Presidents exercise of his Article II powers, the ALJ who will be assigned to handle Meharry's administrative hearing and the NLRB Members who supervise and control the ALJ are free to act however they deem fit without fear of repercussions from the President. If the President were able to exercise his removal authority,

the NLRB ALJs and Members could find no merit to the Charges filed against Meharry and therefore not issue the complaint at issue in the upcoming hearing.

47. Being subject to unconstitutional agency authority, including proceedings before unconstitutionally protected NLRB agency officials, qualifies as a "here-and-now injury." *See Axiom Enter.*, 143 S. Ct. at 903. *see also Cochran v. SEC,* 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (*en banc*), aff'd and remanded *sub nom*. *Axon Enter.*, 143 S. Ct. 890.

48. Meharry is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Meharry] is subject will be enforced only be a constitution agency that is accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

49. Meharry bears a strong likelihood of success on the merits for the reasons articulated above.

50. Absent declaratory and injunctive relief, Meharry will be subject to the whim of an unconstitutional protected ALJ in an unconstitutional proceeding due to the lack of Presidential oversight. This will undoubtedly cause Meharry irreparable harm.

51. Furthermore, if the NLRB Members issue a final order against Meharry by recommendation of the ALJ, the constitutional injury will likely be irreconcilable due to the unavailability of retrospective relief because as the Supreme Court has stated that those subject to an unconstitutional proceeding by insulated administrative agency officials often have no retrospective relief after the fact." *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

52. In the event that declaratory and injunctive relief is not granted, the harm to Meharry would far outweigh any harm, or more inconvenience to the NLRB if such relief is granted.

53. The public interest is best served by prohibiting the NLRB from continuing to operate in an unconstitutional manner, therefore protecting the public's constitutional rights.

**COUNT THREE: THE NLRB'S AWARDS OF LEGAL RELIEF WITHOUT A JURY TRIAL VIOLATES THE SEVENTH AMENDMENT TO THE U.S. CONSTITUTION**

54. Meharry incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

55. The Seventh Amendment to the U.S. Constitution provides that "[i]n Suits at common law, where, the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII.

56. The U.S. Supreme Court does not interpret "Suits at common-law" to be limited to causes of actions recognized when the Seventh Amendment was ratified, but to encompass "all suits which are not of equity or admiralty jurisdiction, whatever may be the particular form they may assume. *SEC v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024).

57. The Seventh Amendment extends to "suit[s] seek[ing] common-law-like legal remedies." *Jarkesy*, 34 F.4th at 452.

58. The NLRA does not authorize legal relief, including compensatory damages or monetary relief, nor did Congress, when enacting the NLRB "establish a general scheme authorizing the Board to award full compensatory damages for injuries caused by wrongful conduct." *Int'l Union, United Auto., Aircraft & Agric. Implement Workers of Am (UAD-CIO)*, 356 U.S. 643 (1958).

59. The only relief Congress has authorized under the NLRA is equitable relief, such as a cease-and-desist order and affirmative action, such as reinstatement of employee. 29 U.S.C. § 160(c).

60. Despite this clear language, the NLRB has expanded the remedies sought and awarded under the NLRA by authorizing its Regional Directors[1] to seek legal relief in the form of consequential or compensatory damages. *See Thryv, Inc.*, 372 NLRB No. 22 (Dec. 13, 2022) (enf. denied in part and vacated in part, *Thryv Inc., v. NLRB*, 102 F.4th 727 (5th Cir. 2024)); NLRB GC Memorandum 21-06 (Sept. 8, 2021).

61. The NLRB permits damages such as, "interest and late fees on credit cards," "credit card debt," "early withdrawals from [a] retire account," compensation for "car" or "home" loss, or "rent" by way of example. NLRB GC Memorandum 21-06 (Sept. 8, 2021).

62. These monetary relieve serves the purpose of compensating employees for "direct or foreseeable pecuniary harms." *Thyv*, 372 NLRB No. 22 slip op. at 8, 10.

63. The Region is seeking unspecified consequential damages against Meharry in the underlying consolidated complaint.

64. The Region also seeking equitable relief does not take away Meharry's right to trial by jury. *Jarksey,* 34 F.4th at 454 ("The Seventh Amendment applies to proceedings that involve a mix of legal and equitable claims.").

---

[1] The NLRB is headquartered in Washington, D.C. but is divided geographically into 32 regions throughout the United States. Each Region is headed by a Regional Director, who is effectively a proxy for the General Counsel of the agency. Regional Directors issue complaint in unfair labor practice cases and schedule trials before ALJs. Those trials typically are conducted in courtrooms within the Region's offices. The complaint in this case was issued by the Regional Director, Region 10. It is referred to throughout this Complaint and related papers as "the Region."

65. Being subject to unconstitutional agency authority, including proceedings before unconstitutionally protected NLRB agency officials, qualifies as a "here-and-now injury." *See Axiom Enter.*, 143 S. Ct. at 903. *see also Cochran v. SEC,* 20 F.4th 194, 210 n.16, 212-13 (5th Cir. 2021) (*en banc*), aff'd and remanded *sub nom*. *Axon Enter.*, 143 S. Ct. 890.

66. Meharry is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Meharry] is subject will be enforced only be a constitution agency that is accountable to the Executive." *Free Enter. Fund*, 561 U.S. at 513.

67. Meharry bears a strong likelihood of success on the merits for the reasons articulated above.

68. Absent declaratory and injunctive relief, Meharry will be subject to the whim of an unconstitutional protected ALJ in an unconstitutional proceeding due to the lack of Presidential oversight. This will undoubtedly cause Meharry irreparable harm.

69. Furthermore, if the NLRB Members issue a final order against Meharry by recommendation of the ALJ, the constitutional injury will likely be irreconcilable due to the unavailability of retrospective relief because as the Supreme Court has stated that those subject to an unconstitutional proceeding by insulated administrative agency officials often have no retrospective relief after the fact." *See Collins v. Yellin*, 141 S. Ct. 1761, 1787-89 (2021).

70. In the event that declaratory and injunctive relief is not granted, the harm to Meharry would far outweigh any harm, or more inconvenience to the NLRB if such relief is granted.

71. The public interest is best served by prohibiting the NLRB from continuing to operate in an unconstitutional manner, therefore protecting the public's constitutional rights.

4873-0425-9051

## PRAYER FOR RELIEF

**WHEREFORE**, Meharry respectfully requests that the Court order the following relief and judgement:

1. Declaring that:

    a. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of the NLRB Members, including 29 U.S.C. § 153(a), are unconstitutional; and

    b. The NLRB proceedings against Meharry deprive it of its constitutional right to trial by jury;

2. Preliminarily enjoining Defendants from subjecting Meharry to unconstitutionally structured administrative proceedings pending the final resolution of this action;

3. Permanently enjoining Defendants from implementing or carry out the unconstitutional removal-protection provisions identified above;

4. Awarding Meharry its costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney's fees; and

5. Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Dated: October 21, 2024

s/ Cameron S. Hill
Cameron S. Hill, TN BPR 017408
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
633 Chestnut Street, Suite 1900
Chattanooga, TN 37450
Telephone: 423.209.4160
Facsimile: 423.752.9545
chill@bakerdonelson.com

s/ Louis. J. Cannon
Louis. J. Cannon – *pro hac vice forthcoming*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street, Suite 1900
Baltimore, MD 21202
lcannon@bakerdonelson.com

s/ Cassandra L. Horton
Cassandra L. Horton– *pro hac vice forthcoming*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
100 Light Street, Suite 1900
Baltimore, MD 21202
chorton@bakerdonelson.com

*Counsel for Plaintiff, Meharry Medical College*

14

4873-0425-9051