UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEHARRY MEDICAL COLLEGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 3:24-cv-01258 |
| NATIONAL LABOR RELATIONS BOARD, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

For the reasons stated on the record during the March 21, 2025 hearing, the March 27, 2025 hearing on Plaintiff Meharry Medical College's motion for a preliminary injunction is **CANCELLED**. The parties shall notify the Court immediately when they learn the identity of which National Labor Relations Board ("NLRB") administrative law judge ("ALJ") will be appointed to oversee their scheduled administrative hearing.

The Court further notes that, in reviewing Plaintiff's motion to enjoin the underlying administrative proceeding (currently scheduled for May 13, 2025) as well as the parties' other recent filings, it has become increasingly concerned about whether it has subject matter jurisdiction to hear this case. Of course, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citation omitted). And it "*must*" resolve threshold jurisdictional issues "before reaching the 'merits' of a case." Kitchen v. Whitmer, 106 F.4th 525, 533 (6th Cir. 2024) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 92–102 (1998)) (emphasis added). Here, the Court has considerable pause about whether it has subject matter jurisdiction over the three issues Plaintiff has presented for review: "(1) whether the tenure

protections enjoyed by Members of the [NLRB] violate Article II of the United States Constitution, (2) whether the tenure protections enjoyed by NLRB [ALJs] violate Article II of the United States Constitution, and (3) whether the NLRB's planned unfair labor practice hearing involving Meharry violates the Seventh Amendment to the United States Constitution." (Doc. No. 51 at 1).

First, as to the constitutionality of the NLRB Member removal restrictions, the Court is not convinced that the reinstatement of Board Member Gwynne Wilcox has caused, or will cause, Plaintiff to suffer any concrete injuries that are ripe for review. Plaintiff's theory appears to be that if the President had constitutional authority to remove Wilcox (which the NLRB concedes he should), then Wilcox would not have been reinstated, there would still be a vacancy in the Board, and the NLRB would lack a quorum to issue decisions at this time. (See id. at 2–3). This argument strikes the Court as premature and unduly speculative because Plaintiff could not possibly suffer an injury from Wilcox's reinstatement unless and until it appeals an ALJ's decision to the Board itself.

Second, as to the constitutionality of NLRB ALJ removal restrictions, Plaintiff has not presented any evidence or argument that the President has attempted to remove *any* ALJ (let alone the currently unknown ALJ who will be assigned to the parties' May 13, 2025 hearing) but was prevented from doing so. Without this information, it is entirely unclear how Plaintiff has suffered any harm from the NLRB ALJ removal restrictions.

Last, as to the Seventh Amendment issue, other district courts in the Sixth Circuit have recently suggested that courts lack subject matter jurisdiction "to even address" a "Seventh Amendment claim that the damages being sought in the NLRB proceedings deprives [a plaintiff] of a right to a jury trial." Yapp USA Automotive Sys., Inc. v. NLRB, 748 F. Supp. 3d 497, 512 (E.D. Mich. 2024); see also Nextar Media, Inc. Grp. v. NLRB, 746 F. Supp. 3d 464, 469–473 (N.D.

Ohio). Although nonbinding, the reasoning set forth in Yapp and Nextar seems particularly apposite here.

For these reasons, the Court requires further briefing from the parties to satisfy its concerns about whether subject matter jurisdiction exists. On or before **April 1, 2025**, Plaintiff shall file a brief that addresses the following issues: (1) even if the parties concede that the NLRB Member and/or ALJ removal restrictions are unconstitutional, whether Plaintiff suffered an Article III injury caused by those restrictions; (2) whether the constitutionality of the NLRB Member and/or ALJ removal restrictions is ripe for the Court's review; and (3) whether the Court has jurisdiction over Plaintiff's Seventh Amendment issue in light of the considerations outlined in Yapp and Nextar. On or before **April 11, 2025**, Defendants shall file a response. Plaintiff may then file an optional reply on or before **April 16, 2025**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE