IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MEHARRY MEDICAL COLLEGE,     )
          )
    Plaintiff,     )
          )     CASE NO. 3:24-cv-01258
v.     )
          )     JUDGE RICHARDSON
NATIONAL LABOR RELATIONS BOARD,     )
et al.,     )
          )
    Defendants.     )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to dismiss (Doc. No. 65, "Motion") Plaintiff's

complaint (Doc. No. 1, "Complaint"), pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules

of Civil Procedure, filed by Defendants, National Labor Relations Board ("NLRB"), Jennifer

Abruzzo, Lauren M. McFerran, Marvin E. Kaplan, Gwynne A. Wilcox, David M. Prouty, and John

Doe (collectively "Defendants"). Defendants attached to the Motion a memorandum in support of

the Motion (Doc. No. 65-1, "Memorandum"), and Plaintiff filed a response in opposition to the

Motion (Doc. No. 67, "Response"), whereafter Defendants filed a reply in support of the Motion

(Doc. No. 70, "Reply").

For the reasons provided herein, the Court **GRANTS** the Motion.

FACTS AS ALLEGED IN THE COMPLAINT[1]

---

[1] The facts contained in this section come from Plaintiff's Complaint (Doc. No. 1). For purposes of the
instant Motion and pursuant to the typical mechanisms of assessing motions under Federal Rule of Civil
Procedure 12(b)(1) and 12(b)(6), the Court accepts the facts alleged in the Complaint as true. But the Court
does not accept as true any legal conclusions (even if couched as facts). As for any representation in the
Complaint that the Court is *not* accepting as true, the Court generally identifies it by qualifying it (as, for
example, by "Plaintiff alleges") to denote that it is not being taken as true but rather is set forth to indicate
what Plaintiff *claims* to be true. Throughout this Order, except as indicated in the next sentence, the Court
forgoes any such qualifiers for any fact that it is accepting as true, stating those facts without qualification
even with the awareness that any such alleged fact may ultimately prove false. Having said that, at times

Plaintiff is a private medical college and university in Nashville, Tennessee, that "carries the distinction of being the first medical school for African Americans in the South." (Doc. No. 1 at ¶ 8). Plaintiff offers a Psychiatry Residency Program ("Program") within its School of Medicine. (*Id.* at ¶ 16). Dr. Joshua Anthony ("Dr. Anthony") is a former resident of the Program, but "is no longer in the Program due to his failure of exams." (*Id.* at ¶¶16-17). Dr. Anthony filed multiple unfair labor practice charges against Plaintiff alleging that it violated the NLRA. (*Id.* at ¶¶ 18–20). On September 16, 2024, the NLRB Regional Director for Region 10 ("Regional Director") consolidated the cases, issued a consolidated complaint, and noticed an administrative hearing before an Administrative Law Judge ("ALJ") on January 28, 2025.[2] (*Id.* at ¶ 22). The remedies sought in the consolidated complaint include requiring Plaintiff to reinstate Dr. Anthony's alumni email address and to make him whole for any foreseeable pecuniary harm he incurred as a result of Plaintiff's conduct. (*Id.* at ¶ 23).

### PROCEDURAL BACKGROUND

On October 21, 2024, Plaintiff filed the Complaint, asserting therein that the removal protections for NLRB Board Members ("Board Member") and ALJs violate Article II of the Constitution (Counts One and Two, collectively the "Removal Challenges"), and that certain remedies sought by the Regional Director violate the Seventh Amendment (Count Three, "Seventh Amendment Claim"). The same day Plaintiff filed its Complaint, Plaintiff also filed a motion for preliminary injunction (Doc. No. 2, "Motion for Preliminary Injunction") wherein Plaintiff asked

---

when assessing whether Plaintiff has alleged factual matter sufficient to support its respective claims, the Court does point out that it is basing its assessment on the facts alleged in the Complaint; in that particular context, the Court does use the phrase "Plaintiff alleges" to precede the facts alleged, even though the Court is taking those facts as true for purposes of the Motion.

[2] The administrative hearing originally set for January 28, 2025 thereafter was rescheduled for May 13, 2025, as indicated in the text below.

the Court to halt the NLRB proceeding, including the administrative hearing that was set for May 13, 2025. This Court (albeit by a different presiding Judge)[3] issued an order (Doc. No. 64) and corresponding memorandum opinion (Doc. No. 63, "Preliminary Injunction Memorandum Opinion") denying the Motion for Preliminary Injunction. Thereafter, the administrative hearing (re)scheduled for May 13, 2025 was held. (Doc. No. 65-1 at 5 n.5; Doc. No. 67 at 1).

In the instant Motion, Defendants argue that Plaintiff's claims should be dismissed for the following three reasons:[4] (1) "the Court lacks subject-matter jurisdiction over [Plaintiff's] Seventh Amendment claim"; (2) "[Plaintiff's] Seventh Amendment claim lacks merit"; and (3) "[Plaintiff's] removal claims cannot succeed where [Plaintiff] has failed to show causal harm stemming from the challenged removal restrictions." (Doc. No. 65 at 1).

<u>LEGAL STANDARD</u>

**I.       Standard for Motions to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1869)). Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for lack of subject-matter jurisdiction, *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014), which is "always a threshold determination," *Am. Telecom Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). The party invoking federal jurisdiction bears the burden of proving it exists. *Global Tech.,*

---

[3] This case was originally assigned to Judge Waverly D. Crenshaw, Jr. but was reassigned (Doc. No. 71) to the undersigned district judge.

[4] Notably, the first of the three reasons for dismissal is made pursuant to Rule 12(b)(1), and the latter two reasons for dismissal are made pursuant to Rule 12(b)(6).

*Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015); *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005).

Motions to dismiss under Rule 12(b)(1) are categorized as either facial or factual attacks. *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A facial attack challenges the sufficiency of the complaint's allegations, requiring the district court to take the allegations as true. *Id.* If the complaint establishes federally cognizable claims, jurisdiction exists. *Id.* A factual attack, by contrast, raises a factual controversy regarding whether subject-matter jurisdiction exists, and where no presumptive truthfulness applies to the complaint's allegations. *Id.* In such cases, the court may weigh conflicting evidence, including affidavits, and documents, or even conduct a limited evidentiary hearing, to determine the factual predicate for jurisdiction. *Id.*; *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). In the present case, Defendants' jurisdictional attack is facial rather than factual.

In terms of the types of cases that give rise to a federal court's subject-matter jurisdiction, the Constitution recognizes two primary pathways. Cases "in Law and Equity, arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority" are deemed to have federal question jurisdiction. U.S. Const. art. III, § 2, cl. 1. In contrast, cases "between Citizens of different States" or "between a State, or the Citizens thereof, and foreign States, Citizens or Subjects" are deemed to be within federal courts' diversity jurisdiction. *Id.* Congress has elected to codify forms of each of these avenues into statutory language under Title 28 of the United States Code, Sections 1331 and 1332 for federal question and diversity jurisdiction, respectively.

Plaintiff nowhere contends that this action falls under diversity jurisdiction. Instead, Plaintiff contends that this action falls under federal-question jurisdiction, (Doc. No. 1 at ¶ 5), and the Court will focus its jurisdictional analysis accordingly.

District courts generally "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. But to this general rule there are exceptions, including one in particular on which Defendants rely in their Motion, as discussed below.

When there is simultaneously pending both a 12(b)(1) motion and a 12(b)(6) motion, the court is "bound to consider the Rule 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if [the] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

## II.       Standard for Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must take all factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*. at 678; *Fritz v. Charter Twp. of Comstock*, 592 F.3d

718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendants' liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id*. at 681. The question is whether the remaining allegations—factual allegations, *i.e.*, allegations of factual matter—plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

DISCUSSION[5]

The Court will first address Plaintiff's Seventh Amendment Claim, then address Plaintiff's Removal Challenges.

**I.         Plaintiff's Seventh Amendment Claim**

Plaintiff argues that "the NLRB's awards of legal relief without a jury trial violates the Seventh Amendment to the U.S. Constitution" (i.e., Plaintiff's Seventh Amendment Claim). (Doc.

---

[5] In ruling on the Motion, the Court will consider the arguments presently before the Court. That is, the Court will consider assertions made in the Complaint, Motion, Memorandum, Response, and/or Reply. Notably, the Court declines to consider any arguments—even if appearing to be related to the subject matter of the Motion—that were made in prior filings unrelated to the disposition of the Motion and that have not been incorporated into and/or restated in the briefing related to the Motion presently before the Court.

No. 1 at p. 10). Defendants make two alternative arguments for dismissal of Plaintiff's Seventh Amendment Claim. The first argument, which is made pursuant to Fed. R. Civ. P. 12(b)(1), is that the "Court lacks jurisdiction over [Plaintiff's] Seventh Amendment claim" ("12(b)(1) Argument"). (Doc. No. 65-1 at 9). The second argument, which is made pursuant to Fed. R. Civ. P. 12(b)(6), is that "[Plaintiff] cannot maintain its Seventh Amendment challenge because it fails on the merits" ("12(b)(6) Argument"). (*Id.* at 13).

Via their 12(b)(1) Argument, Defendants assert that the Court lacks jurisdiction over Plaintiff's Seventh Amendment Claim because (according to Defendants) "the NLRA's statutory review scheme implicitly divests district courts of jurisdiction over challenges to NLRB proceedings." (Doc. No. 65-1 at 9 (citing 29 U.S.C. § 160(e)-(f))).

Defendants here rely on the truism that "[a] special statutory review scheme . . . may preclude district courts from exercising jurisdiction over challenges to federal agency action." *Axon Enter., Inc. v. FTC [Axon]*, 598 U.S. 175, 185 (2023) (citation omitted). This preclusion "can be accomplished implicitly, such as when Congress specifies for 'review in a court of appeals following the agency's own review process,' like the NLRA does for unfair labor practice claims." *Burnett Specialists v. Abruzzo*, No. 4:22-cv-00605, 2023 WL 5660138, at *5 (E.D. Tex. Aug. 31, 2023). *Accord Yapp USA Auto. Sys. v. NLRB*, 748 F. Supp. 3d 497, 512 (E.D. Mich. 2024), *appeal dismissed*, No. 24-1754, 2025 WL 2606098 (6th Cir. Aug. 4, 2025). In such circumstances, the agency—which in this case is the NLRB—effectively fills in for the district court, with the court of appeals providing judicial review. *Axon*, 598 U.S. at 185 ("The agency effectively fills in for the district court, with the court of appeals providing judicial review.").

In assessing whether a statutory review scheme precludes judicial review, courts engage in a two-step analysis. First, courts ask whether "the 'statutory scheme' displays a 'fairly discernible'

intent to limit jurisdiction," and second, courts ask whether "the claims at issue 'are of the type Congress intended to be reviewed within th[e] statutory structure.'" *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 489 (2010) (quoting *Thunder Basin Coal Co. v. Reich,* 510 U.S. 200, 207, 212 (1994) (internal quotation marks omitted)). *Accord Nexstar Media, Inc. Grp. v. Nat'l Lab. Rels. Bd.*, 746 F. Supp. 3d 464, 470 (N.D. Ohio 2024) (explaining the two-step process courts engage in when "determin[ing] whether a statute prevents judicial review"). Regarding the inquiry prescribed by the second step of the analysis, the United States Supreme Court has "identified three considerations designed to aid in that inquiry, commonly known now as the *Thunder Basin* factors." *Axon*, 598 U.S. at 186. Those three factors are as follows:

> First, could precluding district court jurisdiction foreclose all meaningful judicial review of the claim? Next, is the claim wholly collateral to [the] statute's review provisions? And last, is the claim outside the agency's expertise? When the answer to all three questions is yes, we presume that Congress does not intend to limit jurisdiction. But the same conclusion might follow if the factors point in different directions.

*Id.* (internal citations and quotations omitted).

In its Memorandum, Defendants provide a thorough—and persuasive—analysis for why the NLRA precludes the Court's review of Plaintiff's Seventh Amendment Claim. Defendants argue that the "review scheme implicitly divests district courts of jurisdiction over challenges to NLRB proceedings," and assert that Plaintiff's "jury-trial claim does not satisfy any of the three [*Thunder Basin*] factors that inform whether a district court may hear a claim notwithstanding Congress's creation of an otherwise exclusive statutory review scheme." (Doc. No. 65-1 at 9-10). In further support of its 12(b)(1) Argument, Defendants cite to multiple district courts in the Sixth Circuit that have persuasively held that the statutory scheme of the NLRA divests district courts of jurisdiction over challenges related to whether NLRB proceedings violate the Seventh Amendment. *See e.g. Nexstar Media, Inc. Grp.*, 746 F. Supp. 3d at 473 (finding that the "three

*Thunder Basin* factors convey that the Court lacks jurisdiction" to hear the plaintiff's Seventh Amendment claim); *Millennia Hous. Mgmt. v. United States Dep't of Hous. & Urb. Dev.*, 783 F. Supp. 3d 1051, 1063 (N.D. Ohio 2025) (holding that it "lacks subject-matter jurisdiction over the Seventh Amendment . . . claim[]"); *YAPP USA Auto. Sys., Inc.*, 748 F. Supp. 3d at 514 (questioning "whether it has jurisdiction to address [the plaintiff's] Seventh Amendment argument," when ruling on a motion for preliminary injunction). Furthermore, this Court (albeit by a different presiding Judge) explained—in its Preliminary Injunction Memorandum Opinion (Doc. No. 63 at 13)—that it too questioned whether it had jurisdiction over the Seventh Amendment Claim.

Instead of responding to Defendants' jurisdictional challenge, Plaintiff appears to dedicate its whole Response to arguing why its Seventh Amendment Claim is meritorious. But no matter how meritorious Plaintiff's Seventh Amendment Argument may be, such is only of relevance to this Court if it has jurisdiction over Plaintiff's Seventh Amendment Claim. Importantly, to survive a 12(b)(1) jurisdictional challenge, the party invoking federal jurisdiction—i.e., Plaintiff—bears the burden of proving jurisdiction exists. *Cf Moir*, 895 F.2d at 269 ("Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." (citing *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986))); *Global Tech., Inc.*, 807 F.3d at 810; *Golden*, 410 F.3d at 881.

The Court finds that Plaintiff wholly fails to carry its burden of proving that district courts possess federal-question jurisdiction to hear Seventh Amendment challenges (like Plaintiff's) to NLRB proceedings.[6] Notably, Defendants' 12(b)(1) Argument and the authority suggesting that

---

[6] Notably, the Court is not saying that Plaintiff could not have provided a persuasive argument from which the Court could have found that it possessed jurisdiction to hear the Seventh Amendment Claim; rather, the Court's holding is merely that Plaintiff wholly failed to provide any such argument, thereby failing to meet its burden of establishing jurisdiction. Although Plaintiff could have tried to make a good-faith argument for why jurisdiction should be found to exist, Plaintiff failed to, and it is not the Court's job to conjure up an argument on Plaintiff's behalf. *See Boynton v. Headwaters, Inc.*, 737 F. Supp. 2d 925, 930 (W.D. Tenn.

Plaintiff cannot establish jurisdiction are well-taken by this Court. In the face of such authority, which tends to suggest Plaintiff cannot establish jurisdiction, Plaintiff makes no attempt to prove jurisdiction exists—a burden that falls on Plaintiff. Notably, Plaintiff's Response does not even use the word "jurisdiction," is entirely devoid of any response to Defendants' 12(b)(1) Argument, and is without any argument for why jurisdiction exists. Therefore, the Court finds that Plaintiff has not met its burden of showing the Court has subject-matter jurisdiction to hear the Seventh Amendment Claim and, accordingly, the Seventh Amendment Claim must be dismissed.[7] *Cf Berry v. Comm'r of Soc. Sec.*, No. CV 19-495-DLB, 2021 WL 1432213, at *2 (E.D. Ky. Apr. 15, 2021) ("Plaintiff has not met her burden of showing that the Court has subject-matter jurisdiction and, accordingly, her Complaint must be dismissed."). So, the Court dismisses the Seventh Amendment Claim (Count Three).

## II.      Plaintiff's Removal Challenges

Plaintiff challenges the statutory removal restrictions that apply to NLRB Board Members, 29 U.S.C. § 153(a), and the statutory removal restrictions that apply to ALJs, 5 U.S.C. § 7521(a). (Doc. No. 1 at pp. 5-10). Before addressing the substantive merit of Plaintiff's Removal Challenges and Defendants' argument for dismissal of them, the Court will provide an overview of the relevant

---

2010) ("It is not [a court's] job, especially in a counseled civil case, to create arguments for someone who has not made them. . . ." (quoting *Yeomalakis v. FDIC,* 562 F.3d 56, 61 (1st Cir. 2009))); *see also Rop v. Fed. Hous. Fin. Agency*, 50 F.4th 562, 583 n.8 (6th Cir. 2022) (Thapar, J., dissenting) ("It's not the court's job to invent arguments for parties."); *Union Univ. v. Evanston Ins. Co.*, No. 1:20-CV-01254-JDB-JAY, 2022 WL 507666, at *1 (W.D. Tenn. Feb. 19, 2022) ("It is not the Court's role to research or construct legal or factual arguments on behalf of either party, nor is it appropriate to do so." (quoting *Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022))). In short, it is not the Court's job *sua sponte* to conjure up arguments to support the notion that it *possesses* subject-matter jurisdiction.

   The Court notes as an aside that it realizes that it *is* the Court's job to consider *sua sponte* whether it *lacks* subject-matter jurisdiction whenever the Court perceives that it may lack subject-matter jurisdiction.

[7] Because the Court finds dismissal proper in light of Plaintiff's failure to establish jurisdiction, the Court declines to address whether Plaintiff's Seventh Amendment Claim is meritorious. Relatedly, the Court need not analyze Defendants' 12(b)(6) Argument—an argument attacking the merit of Plaintiff's Seventh Amendment Claim.

authority. The Court (albeit by a different presiding Judge) provided such an overview in its previously issued Preliminary Injunction Memorandum Opinion. (Doc. No. 63). The Court repeats, in relevant part, that overview below:

> The NLRB enforces the National Labor Relations Act ("NLRA"), which generally prohibits employers from engaging in certain "unfair labor practices." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 342 (2024) (citing 29 U.S.C. §§ 158(a), (b)). The NLRB has a four-step process to evaluate and remedy alleged unfair labor practices. First, a charge is filed with the NLRB alleging that an employer or union engaged in an unfair labor practice. *Id.* at 343 (citation omitted). Second, a regional Director investigates the charge and issues a formal administrative complaint against the offending party if the charge appears to have merit. *Id.* Third, an ALJ adjudicates the complaint in an administrative hearing. *Id.* "Finally, if the unfair labor practices alleged in the complaint are sustained [by the ALJ], the Board can seek enforcement of the order, and any aggrieved party can seek review, in a federal court of appeals." *Id.* at 1582 (Jackson J., concurring in part, dissenting in part, and concurring in the judgment).
>
> NLRB Board members are "appointed by the President by and with the advice and consent of the Senate," and NLRB ALJs are appointed by the NLRB Board members. 29 U.S.C. §§ 153–54. Once appointed, an NLRB Board member "may be removed by the President" only "for neglect of duty or malfeasance in office, but for no other cause." *Id.* An ALJ may be removed only if: (1) the Board brings an action to remove the ALJ; and (2) the Merit Systems Protection Board, an independent federal agency, determines that there is "good cause" for the removal. *See* 5 U.S.C. § 7521(a); *Kerwin v. Trinity Health Grand Haven Hosp.*, 2024 WL 4594709, at *3 (W.D. Mich. Oct. 25, 2024) (citation omitted).

(Doc. No. 63 at 1-2).

Counts One and Two of Plaintiff's Complaint (Plaintiff's Removal Challenges) are challenges to the constitutionality of the aforementioned removal restrictions. Defendants argue that Plaintiff's Removal Challenges should be dismissed because Plaintiff "has failed to show causal harm stemming from the challenged removal restrictions." (Doc. No. 65 at 1). Notably, "even if an agency's structure unconstitutionally shields officers from removal," *Calcutt v. Fed. Deposit Ins. Corp.*, 37 F.4th 293, 310 (6th Cir. 2022), *rev'd on other grounds*, 598 U.S. 623 (2023), "[u]nder Supreme Court and Sixth Circuit precedent, a party challenging an agency's removal protection scheme 'is not entitled to relief unless that unconstitutional provision inflict[s]

compensable harm [upon that party].'" *YAPP USA Auto. Sys., Inc. v. Nat'l Lab. Rels. Bd.*, No. 24-1754, 2024 WL 4489598, at *2 (6th Cir. Oct. 13, 2024) (quoting *Calcutt*, 37 F.4th at 310 (quoting *Collins v. Yellen*, 594 U.S. 220, 259 (2021))).

As Defendants correctly point out in their Reply, Plaintiff's "Response does not address [Defendants'] argument for dismissal based on lack of causal harm." (Doc. No. 70 at 2). Plaintiff wholly fails to make any argument in its Response to refute Defendants' argument for dismissal of Plaintiff's Removal Challenges.[8] As the undersigned has previously discussed, "where a party fails to respond to an argument in a motion to dismiss, 'the Court assumes [that the party] concedes this point and abandons the claim.'" *Thomas v. Tennessee Dep't of Hum. Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *6 (M.D. Tenn. June 23, 2022) (Richardson, J.) (quoting *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (internal citations and quotations omitted)). Therefore, having found that Plaintiff failed to respond to Defendants' argument for dismissal of Plaintiff's Removal Challenges, the Court assumes Plaintiff concedes and abandons such arguments (i.e., Counts One and Two). So, the Court will dismiss Plaintiff's Removal Challenges (i.e., Counts One and Two).

<u>CONCLUSION</u>

---

[8] In the Response, Plaintiff refers to its Removal Challenges only once, stating the following:

> While concerns remain about the constitutionality of the NLRB's statutory removal restrictions, [Plaintiff] recognizes that the NLRB enforcement hearing held on May 1-13 and June 5-6, 2025, effectually moots Plaintiff's request for injunctive relief, [Plaintiff] still seeks to avoid being subject to unconstitutionally imposed remedies.

(Doc. No. 67 at 1). Thereafter, Plaintiff provides analysis related to its Seventh Amendment Claim. (*Id.* at 1-3). The Court finds that Plaintiff's brief mention of its "concerns . . . about the constitutionality of the NLRB's statutory removal restrictions" does not amount to a response to Defendants' argument for dismissal of Plaintiff's Removal Challenges.

For the reasons indicated herein, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. No. 65) in its entirety. Specifically, Counts One and Two of the Complaint are dismissed pursuant to Rule 12(b)(6), and Count Three of the Complaint is dismissed pursuant to Rule 12(b)(1).

The Clerk is directed to enter judgment under Rule 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE